UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AL LEIBOVIC,

    Plaintiff,

v.                                                       Case No. 15-12639
                                                         Honorable Victoria A. Roberts

UNITED SHORE FINANCIAL
SERVICES, LLC, *et al.*,

    Defendants.
_____/

## **ORDER REGARDING DISCOVERY MOTIONS [Docs. 75, 78, 81, and 84/85]**

**I.    INTRODUCTION**

Four discovery motions were filed on August 1, 2017: (1) Plaintiff Al Leibovic's motion to compel Defendant Xerox Mortgage Services, Inc.'s ("XMS") production of documents and interrogatory responses [Doc. 75]; (2) Plaintiff and Defendant United Shore Financial Services, LLC's ("United Shore") joint motion to compel XMS to produce certain documents and for an order denying XMS's attempt to clawback documents its says it inadvertently produced [Doc. 78]; (3) United Shore's motion to compel XMS to respond to discovery requests [Doc. 81]; and (4) XMS's motion to compel United Shore to respond to discovery requests [Docs. 84/85].

The Court entered a preliminary order concerning the discovery motions to aid further discussion among counsel, and ordered them to appear on Friday August 18, 2017 to settle remaining discovery disputes. [Doc. 90]. On August 17, the parties submitted a joint letter via email indicating that they had resolved all issues raised in the four motions except for three legal issues. [Doc. 91]. Based on that, the Court informed counsel they no longer had to appear on August 18.

The parties resolved all issues in Plaintiff's motion to compel XMS [Doc. 75] and United Shore's motion to compel XMS [Doc. 81]; those motions are **MOOT**.

The Court now rules that Plaintiff and United Shore's joint motion to compel XMS [Doc. 78] is **DENIED** as to the one unresolved issue and **MOOT** in all other respects.

Also, XMS's motion to compel United Shore [Docs. 84/85] is **GRANTED IN PART** and **DENIED IN PART** regarding the two unresolved issues – as set forth below; concerning the other issues in the motion which the parties resolved, the motion is **MOOT**.

II. DISCUSSION

The unresolved issues are: (1) XMS's assertion of the work product doctrine to clawback documents; (2) XMS's assertion that United Shore waived the attorney-client privilege with respect to its communications involving third-party Navigant; and (3) a disagreement regarding "a privilege issue in connection with the production of settlement communications between counsel for Plaintiff and United Shore, in response to XMS Document Request No. 2." [*See* Doc. 91].

**1. XMS's Assertion of the Work Product Doctrine to Clawback Non-Responsive Documents Inadvertently Produced [Doc. 78]**

The first unresolved issue is raised in Plaintiff and United Shore's joint motion to compel XMS. [Doc. 78].

On April 24, 2017, XMS produced approximately 1,150 documents; the production of documents was made from a database of documents compiled by XMS's counsel. Two days later, on April 26, XMS informed Plaintiff and United Shore that it had unintentionally produced approximately 400 "non-responsive" documents. XMS indicated that, pursuant to Federal Rule of Evidence 502 and a "claw-back" provision in

2

the parties' stipulated Discovery Plan, it intended to claw-back the entire production and make an updated production as soon as possible. On April 27, XMS elaborated on its initial email, stating it was clawing back the non-responsive documents because they were "inadvertently produced" and "privileged under the work-product doctrine."

The parties' Discovery Plan includes a claw-back provision pursuant to Fed. R. Evid. 502(d) and (e), providing that a party's inadvertent production of documents is without prejudice to a claim by the producing party that the documents are protected by a legally cognizable privilege or evidentiary protection – including the work product doctrine – if the producing party gives notice to the receiving party within 15 days of discovering the inadvertent production. [*See* Doc. 37, PgID 380-81].

XMS informed Plaintiff and United Shore of its inadvertent production and claim under the work product doctrine in a timely manner. However, the parties dispute whether XMS can claw-back "non-responsive" documents under the work product doctrine. XMS says it can. Plaintiff and United Shore disagree, and request an order from the Court rejecting XMS's attempt to claw-back the documents – which would allow them to use the documents in the case. Plaintiff and United Shore essentially request the Court to order XMS's counsel to produce its entire database of documents – regardless of whether or not the documents in the database are responsive to their discovery requests.

The work product doctrine "extends beyond confidential communications between the attorney and client to any document prepared in anticipation of litigation by or for the attorney." *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 304 (6th Cir. 2002) (citation and internal quotation marks omitted). "It is

axiomatic that the purpose of the work-product doctrine is to allow an attorney 'to assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference ... to promote justice and to protect [his] clients' interests.'" *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 473 (6th Cir. 2006) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947))). XMS, as the objecting party, has the burden to show the applicability of the work product doctrine. *Id.*

As XMS acknowledges, a non-privileged, *responsive* document is discoverable wherever it may be located – including counsel's database. The operative fact here is that the underlying documents XMS seeks to claw-back were non-responsive to Plaintiff's and/or United Shore's discovery requests. Although Plaintiff and United Shore say some of the documents XMS seeks to claw-back are relevant, they do not dispute that those documents were non-responsive to their requests. Therefore, but for the inadvertent production of those documents, XMS never would have produced those documents.

The circumstances here are analogous to the circumstances in *Cason-Merenda v. VHS of Michigan, Inc.*, 118 F. Supp. 3d 965, 969 (E.D. Mich. 2015), which found the work product doctrine covered documents in an attorney's database.

In *Cason-Merenda*, defendant requested plaintiffs to produce copies of all documents produced in the lawsuit, which plaintiffs' counsel had in its database. *Id.* at 970. In denying defendant's request, the Court held "that a collection of documents that Plaintiffs' counsel saw fit to gather, maintain, and organize into a database during the course of discovery qualifies as protected work product." *Id.* at 969.

4

Here, XMS's counsel directed XMS to search and turn over a multitude of documents in anticipation of litigation. XMS's counsel produced all responsive documents; it also inadvertently produced non-responsive documents that it had gathered, maintained and organized in its database in anticipation of litigation.

Because the approximately 400 documents XMS inadvertently produced are *non-responsive* and were compiled by XMS's counsel in anticipation of litigation, they are protected by the work product doctrine and subject to claw-back under the Discovery Plan. *See Cason-Merenda*, 118 F. Supp. 3d at 969. *See also Shelton v. American Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir.1986) ("In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more crucial than legal research.").

Regarding this issue, Plaintiff and United Shore's joint motion to compel [Doc. 78] is **DENIED**. Unless the parties agree to a different procedure, Plaintiff and United Shore must return the entire production, which includes the approximately 400 non-responsive documents, and XMS must make an updated production as soon as possible.

Because the parties resolved all other issues raised by Plaintiff and United Shore, the joint motion is otherwise **MOOT**.

**2. XMS's Assertion that United Shore Waived the Attorney-Client Privilege With Respect to Communications Involving Non-Party Navigant [Docs. 84/85]**

The second unresolved issue is raised in XMS's motion to compel against United Shore. [Docs. 84/85].

In the aftermath of the alleged intrusions to XMS's software system, United Shore's counsel commissioned Navigant – a third-party – to conduct an investigation.

XMS's Interrogatory No. 8 asked United Shore to state with particularity all investigations, notifications and remedial efforts taken in response to any unauthorized use of its accounts – in relation to the alleged intrusions to XMS's database. In response, United Shore indicated that Navigant conducted an investigation, and it also provided Navigant's conclusions from the investigation. However, United Shore withheld a significant amount of documents related to Navigant's investigation on the basis that they were protected by attorney-client privilege, since its counsel had commissioned the investigation.

XMS says United Shore is engaging in impermissible selective waiver because it is seeking the benefit of using the results of the investigation, but withholding information about what the investigation considered and how the investigation was conducted. It further says that by including Navigant's conclusions in its response to the Interrogatory, it was using the results of the investigation offensively, which waived the privilege.

United Shore says it was merely responding to the Interrogatory with factual information related to its retention of Navigant and the existence of Navigant's investigation.

Although United Shore was responding to XMS's Interrogatory regarding investigations it had commissioned, its response went beyond providing factual information regarding the existence of the investigation and retention of Navigant. United Shore's response also included details regarding Navigant's conclusions. This exceeded the scope of the Interrogatory and – as XMS contends – United Shore fails to

explain "why the conclusions of a supposedly privileged investigation commissioned by counsel would not themselves be privileged." [Doc. 86, PgID 2343].

Because United Shore disclosed the privileged conclusions of Navigant's investigations, and because it appears United Shore intends to use the findings of the investigation to prove the cause of the intrusion of XMS's database, XMS is entitled to see documents related to how the investigation was conducted and what was considered during the investigation.

Regarding this issue, XMS's motion to compel [Docs. 84/85] is **GRANTED**.

### 3. Production of Settlement Communications Between Counsel for Plaintiff and United Shore

The remaining unresolved issue was also raised by XMS in its motion to compel United Shore [Docs. 84/85].

XMS's Document Request No. 2 sought all communications related to XMS between United Shore and its counsel and Plaintiff and its counsel. In response to that request, United Shore indicated that it produced all non-privileged communications responsive to the request that were in its possession and control. It also objected to the request because, among other things, XMS sought documents which United Shore says are protected by attorney-client privilege. Finally, United Shore objected that the request was directed to counsel for United Shore rather than United Shore itself.

In its motion to compel, XMS says notwithstanding that the request was directed to United Shore's counsel, the documents were within United Shore's control. But, XMS fails to address United Shore's objection under the attorney-client privilege. XMS fails to establish that it is entitled to an order compelling production of any documents not

already produced, inasmuch as United Shore says it had already produced all non-privileged, responsive documents.

On this issue, XMS's motion to compel United Shore [Docs. 84/85] is **DENIED**.

### III. CONCLUSION

As set forth above: (1) Plaintiff's motion to compel XMS [Doc. 75] and United Shore's motion to compel XMS [Doc. 81] are **MOOT**; (2) Plaintiff and United Shore's joint motion to compel XMS [Doc. 78] is **DENIED** as to the one unresolved issue and **MOOT** in all other respects; and (3) XMS's motion to compel United Shore [Docs. 84/85] is **GRANTED IN PART**, **DENIED IN PART** and **MOOT IN PART**.

**IT IS ORDERED**.

                                          s/Victoria A. Roberts
                                          Victoria A. Roberts
                                          United States District Judge

Dated: August 28, 2017